NUMBER 13-08-619-CR


# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALFONSO CIRLOS,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                    Appellee.

On appeal from the 117th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Alfonso Cirlos, was indicted for the criminal offense of theft.  *See* TEX.

PENAL CODE ANN. § 31.03 (Vernon 2006).  Cirlos entered an "open plea" to the court and,

after a hearing, was found guilty and sentenced to eighteen months in a state jail facility.

Concluding that "there are no meritorious issues for appeal," appellant's counsel filed a

brief in which he reviewed the merits, or lack thereof, of the appeal.  The State has not filed

a brief.  We affirm.

## I. Compliance with *Anders v. California*

Appellant's court-appointed counsel filed an *Anders* brief in which he has concluded that there are no appealable issues for this Court to consider.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Appellant's brief meets the requirements of *Anders.  See id*. at 744-45; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In compliance with *Anders*, following his review of the Court's file and the transcripts, his research, and his correspondence with appellant, counsel presented a professional evaluation of the record including, among other things, a review of grand jury proceedings, pre-trial motions, research and investigation, competency, sentencing, right to present evidence during the guilt/innocence and punishment stages, and right to appeal.  *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

Counsel has informed this Court that he has reviewed the appellate record and concluded there are no arguable grounds for reversal.  He has also informed this Court that he provided appellant with a copy of the transcripts in his case, a copy of the brief, and notified appellant of his right to review the record and to file a pro se response to counsel's

brief and motion to withdraw within thirty days.[1]  *See In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and appellant has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409; *see also Anders*, 386 U.S. at 744-45; *Stafford*, 813 at 509 (Tex. Crim. App. 1991); *High*, 573 S.W.2d at 813.

## II. Independent Review

The United States Supreme Court advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous."  *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.).  Accordingly, we have carefully reviewed the record and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509.  We agree with counsel that the appeal is wholly frivolous and without merit.  *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## III. Conclusion

The judgment of the trial court is affirmed. In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an

---

[1]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant his motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 23rd day of April, 2009.

---

[2]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.